# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2015

Lyle W. Cayce
Clerk

No. 14-60906

CHARLES DIXON, Individually and on behalf of the 345 other named plaintiffs; AMELIA WAY, Individually and on behalf of the 345 other named plaintiffs; SHEILA GARY EVANS, Individually and on behalf of the 345 other named plaintiffs; CICILIA JEFFERSON, Individually and on behalf of the 345 other named plaintiffs,

Plaintiffs - Appellants

v.

RICHARD A. FREESE; TIM K. GOSS; FREESE & GOSS, P.L.L.C.; JOHN AND JANE DOES, Individually and as Entities,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-236

Before JONES, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered this appeal in light of the briefs and record. Having done so, we conclude that there is neither clear error nor any reversible error of law in the district court's decision that the admission of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60906

non-equity member by the unanimous agreement of the LLC's equity members occurred substantially in accordance with Texas law. See Tex. Bus. Org. Code §§ 101.001(1) ("company agreement" defined to include written or oral agreements), 101.053 (each member must consent to an amendment of the company agreement, 101.103(c) (a non-equity member may be admitted on consent of all the company members); 101.102(c) (the company agreement may provide for admission of non-equity members), and 101.104(b) (rights of a class of members may be stated in the company agreement or at the time the class is established).   Accordingly, we AFFIRM, for essentially the reasons stated by the trial court, its decision to dismiss the case for lack of federal jurisdiction.